**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Nicole Ellis | CHAPTER 13 |
| <u>Debtor(s)</u> | |
| | |
| Matrix Financial Services Corporation | |
| <u>Movant</u> | |
| vs. | NO. 23-11995 MDC |
| | |
| Nicole Ellis | |
| <u>Debtor(s)</u> | |
| | 11 U.S.C. Section 362 and 1301 |
| | |
| Shaun Ellis | |
| <u>Co-Debtor</u> | |
| | |
| Kenneth E. West | |
| <u>Trustee</u> | |

## <u>STIPULATION</u>

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence located at 355 E Meehan Ave, Philadelphia, PA 19119.

2.      Debtor(s) shall maintain monthly mortgage payments to Movant beginning with the next payment on or about January 1, 2024 and thereafter;

3.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.      In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    January 9, 2024

**/s/ Mark A. Cronin, Esquire**
Mark A. Cronin, Esquire
Attorney for Movant

Date: _1/12/2024_

_/s/ Stephen Matthew Dunne_
Stephen Matthew Dunne, Esquire
Attorney for Debtor(s)

No Objection

Date: January 16, 2024

/s/ LeeAne O. Huggins
Kenneth E. West, Esquire
Chapter 13 Trustee

Approved by the Court this 19th day of ___January___, 2024.  However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline C. Coleman